Imelda **LOPEZ–CUEVAS**, Petitioner,

v.

Michael B. **MUKASEY**,* Attorney General, Respondent.

No. 06–73038.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.**

Filed Dec. 10, 2007.

Carlos Ramirez, Law Office of Noemi G. Ramirez, Los Angeles, CA, for Petitioner.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Barry J. Pettinato, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., M. Jocelyn Wright, Esq., U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM ***

Imelda Lopez–Cuevas, a native and citizen of Mexico and lawful permanent resident of the United States, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her motion to terminate removal proceedings and finding her removable for participating in alien smuggling. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Moran v. Ashcroft,* 395 F.3d 1089, 1091 (9th Cir. 2005), we deny the petition for review.

Substantial evidence supports the BIA's conclusion that Lopez–Cuevas knew the resident alien card did not belong to the passenger in her vehicle when she presented it on his behalf while attempting to drive across the border. *See Urzua Covarrubias v. Gonzales,* 487 F.3d 742, 748–49 (9th Cir.2007) (substantial evidence supported determination that alien knowingly aided and abetted another alien's illegal entry into the United States). Contrary to her contention, Lopez–Cuevas therefore

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"provided some form of affirmative assistance to the illegally entering alien." *Altamirano v. Gonzales,* 427 F.3d 586, 592 (9th Cir.2005).

## PETITION FOR REVIEW DENIED.